Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 04:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mohammadi, Deputy Clerk
22SMCV00592

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PRESIDIO, INC.; and DOES 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN MADICK, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court, Santa Monica<br><br>Courthouse, 1725 Main Street, Santa Monica, CA 90401 | CASE NUMBER: *(Número del Caso):*<br><br>22SMCV00592 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Mazda, Law Office of Mark Mazda, 2601 Main Street, Suite 1200, Irvine, CA 92614; tel (949) 222-9182; fax (949) 222-9199

| DATE: 04/26/2022<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* | Clerk, by<br>M. Mohammadi | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  PRESIDIO, INC.

    under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Case 2:22-cv-04649-MCS-AS Document 1-1 Filed 06/24/22 Page 2 of 58 Page ID #:7

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Mark Mazda, SB# 181419<br>Law Office of Mark Mazda, 2601 Main Street, Suite 1200, Irvine, CA 92614<br>TELEPHONE NO.: 949-222-9182   FAX NO. *(Optional):* 949-222-9199<br>E-MAIL ADDRESS: mark@markmazda.com<br>ATTORNEY FOR *(Name):* Plaintiff Steven Madick | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 1725 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Monica, CA 90401<br>BRANCH NAME: Santa Monica Courthouse |

| |
|---|
| CASE NAME:<br>Madick v. Presidio, Inc. |

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>22SMCV00592 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* five
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-26-2022

Mark Mazda                                                     Mark Mazda
_____                              _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**　　Print this form　　Save this form　　Clear this form

| SHORT TITLE: Madick v. Presidio, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

<table>
<tr><th>A<br>Civil Case Cover Sheet<br>Category No.</th><th colspan="2">B<br>Type of Action<br>(Check only one)</th><th>C<br>Applicable Reasons -<br>See Step 3 Above</th></tr>
<tr><td rowspan="2" style="writing-mode: vertical-lr">Auto<br>Tort</td><td>Auto (22)</td><td>☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
<tr><td>Uninsured Motorist (46)</td><td>☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist</td><td>1, 4, 11</td></tr>
<tr><td rowspan="9" style="writing-mode: vertical-lr">Other Personal Injury/Property<br>Damage/Wrongful Death Tort</td><td rowspan="2">Asbestos (04)</td><td>☐ A6070  Asbestos Property Damage</td><td>1, 11</td></tr>
<tr><td>☐ A7221  Asbestos - Personal Injury/Wrongful Death</td><td>1, 11</td></tr>
<tr><td>Product Liability (24)</td><td>☐ A7260  Product Liability (not asbestos or toxic/environmental)</td><td>1, 4, 11</td></tr>
<tr><td rowspan="2">Medical Malpractice (45)</td><td>☐ A7210  Medical Malpractice - Physicians & Surgeons</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7240  Other Professional Health Care Malpractice</td><td>1, 4, 11</td></tr>
<tr><td rowspan="4">Other Personal<br>Injury Property<br>Damage Wrongful<br>Death (23)</td><td>☐ A7250  Premises Liability (e.g., slip and fall)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7270  Intentional Infliction of Emotional Distress</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
</table>

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Madick v. Presidio, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, ③ |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Madick v. Presidio, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Madick v. Presidio, Inc. | CASE NUMBER: 22SMCV00592 |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>2205 Ashland Avenue |
| --- | --- |
| CITY:<br>Santa Monica | STATE:<br>CA | ZIP CODE:<br>90405 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 4-26-2022

Mark
Mazda

Digitally signed by Mark Mazda
DN: cn=Mark Mazda, o=Law Office
of Mark Mazda, ou,
email=mark@markmazda.com,
c=US
Date: 2022.04.26 16:00:25 -07'00'

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

22SMCV00592

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Mark Young

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2022 04:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mohammadi,Deputy Clerk

LAW OFFICE OF MARK MAZDA
MARK MAZDA, SB# 181419
2601 Main Street, Suite 1200
Irvine, California 92614
telephone (949) 222-9182
facsimile (949) 222-9199
email: mark@markmazda.com

Attorney for Plaintiff
Steven Madick

*(margin, vertical text)* LAW OFFICE OF MARK MAZDA / ATTORNEY AT LAW / 2601 Main Street, Suite 1200 / Irvine, California 92614 / (949) 222-9182

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| STEVEN MADICK, an individual, | CASE NO. 22SMCV00592 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | **1. BREACH OF CONTRACT;** |
| PRESIDIO, INC.; and DOES 1 to 20, inclusive, | **2. DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FEHA;** |
| Defendants. | **3. DISCRIMINATION AND RETALIATION UNDER THE CFRA FOR REQUESTING AND TAKING LEAVE;** |
| | **4. DISCRIMINATION AND RETALIATION FOR REQUESTING AND TAKING FMLA LEAVE; AND** |
| | **5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

Plaintiff Steven Madick ("Madick" or "Plaintiff") alleges:

### PARTIES TO THE ACTION

1.  Plaintiff is an individual who at all times relevant to this complaint resided in and worked in the State of California, County of Orange, and also performed work for Defendants in the State of California, County of Los Angeles.

2.  Defendant Presidio, Inc. ("Presidio") is a Delaware corporation, which conducts business in the

**Plaintiff's Complaint**

1    County of Los Angeles, State of California.

2    3. Plaintiff is unaware of the true names and capacities of Defendants Does 1 to 20, inclusive, and
3    therefore Plaintiff sues these Defendants by fictitious names. Plaintiff is informed and believes and on
4    that basis alleges that each of the fictitiously named Defendants is in some manner responsible for the
5    damage to Plaintiff as alleged in this complaint. Plaintiff will amend this complaint to show the true
6    names and capacities of these fictitiously named Defendants after their true names and capacities have
7    been ascertained. Plaintiff refers to Presidio and all of the Doe Defendants collectively as "Defendants."

8    4. Plaintiff is informed and believes and alleges thereon that each of the Defendants were at all
9    times relevant hereto the agents, apparent agents, employees, servants, employers, masters, or
10   representatives of the remaining co-Defendants, and in doing the things hereinafter alleged were acting
11   within the course and scope of such relationship and with the permission, approval, ratification, and/or
12   consent of their co-Defendants and were vicariously liable for each other's tortious conduct.

13   5. Plaintiff is further informed and believes that at all times herein mentioned each of the
14   Defendants, including the fictitious Doe Defendants, was the agent and/or employee of each of the
15   remaining Defendants and in doing the things mentioned herein was acting within the scope of such
16   agency and/or employment.

17                                          **VENUE**

18   6. Venue for this action is proper in the State of California, County of Los Angeles because *inter*
19   *alia* this is an employment case in which claims under the California Fair Employment and Housing Act
20   are asserted, and Plaintiff performed work for Defendants in Los Angeles County California.

21                          **CERTAIN FACTUAL ALLEGATIONS**

22   7. Madick worked as an employee for Presidio.

23   8. A brief summary of the mistreatment and illegal conduct by Defendants toward Madick is as
24   follows.

25   9. Madick had been an outstanding employee for Presidio starting in August 2017. He was
26   employed by Presidio pursuant to a written employment agreement that is attached hereto as Exhibit A
27   and is incorporated herein by reference. When he started at Presidio, Madick was a VP of Engineering.
28   He later became the VP of Solutions and Services. He managed a team of employees. Madick was

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-2-                                          **Plaintiff's Complaint**

1  responsible for a unit of Presidio whose P&L was approximately $1 billion, which represented 25% of
2  the total company's P&L. This represented approximately a growth of 4 times from when Madick began
3  at the company. Madick's team at Presidio was a part of the Region at Presidio that won the company-
4  wide "Area of the Year" several years in a row. In short, Madick was an outstanding employee for
5  Presidio.

6  10. Madick suffers from certain disabilities, including 3 bulging discs in his spine, 1 cracked
7  vertebrae, and migraine headaches.

8  11. In August 2021, Madick applied for and went out on a medical leave of absence, which was a
9  disability leave, a CFRA leave, and an FMLA leave. Presidio and/or its third-party administrator for
10  leaves had all of the information needed to process Madick's leave.

11  12. Presidio failed to pay Madick his contractually agreed upon salary. That was a breach of his
12  written employment agreement. Madick provided written notice to Presidio that it was not paying him
13  his contractually agreed upon salary. Nevertheless, Presidio never cured that breach.

14  13. Further, Presidio terminated Madick because he is disabled and because he took leave. Presidio
15  also failed to engage in the interactive process with Madick, and it failed to accommodate his
16  disabilities.

17  14. On April 7, 2022, Madick filed a complaint with the California Department of Fair Employment
18  and Housing ("DFEH") against Presidio. A true and correct copy of that DFEH complaint and the
19  DFEH's right to sue letter is attached hereto as Exhibit B. Thus, Madick has timely exhausted his
20  administrative remedies.

21  15. Madick's disabilities are disabilities under the California Fair Employment and Housing Act (the
22  "FEHA").

23  16. It is unlawful under the FEHA for an employer: (a) to fail to accommodate an employee with a
24  disability or medical condition, (b) to fail to "engage in a timely, good-faith, interactive process with the
25  employee" "to determine effective reasonable accommodations, if any, in response to a request for
26  reasonable accommodation by an employee . . . with a known physical or mental disability or known
27  medical condition"; or (c) to terminate an employee because of his or her disability or medical condition.
28  (Cal. Gov't Code § 12940(m), (n), and (a); *Fisher v. Superior Court* (1986) 177 Cal.App.3d 779, 783.)

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-3-                                    **Plaintiff's Complaint**

1    17. Indeed, it is unlawful under the FEHA for an employer to fail to engage in an interactive process
2 with an employee that has a disability to determine how to accommodate that employee's disability.
3 (Cal. Gov't Code § 12926.1(e) ("The Legislature affirms the importance of the interactive process
4 between the applicant or employee and the employer in determining a reasonable accommodation as this
5 requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive
6 guidance of the Americans with Disabilities Act of 1990.") The employer must engage in a "timely,
7 good faith interactive process . . . in response to a request for reasonable accommodation by an employee
8 or applicant with a known physical or mental disability or known medical condition." (Cal. Gov't Code
9 § 12940(n).)

10    18. Here, Presidio failed to accommodate Madick's disabilities, which were known to Presidio and
11 its designated agents. Defendants also failed to engage in the required good-faith interactive process to
12 accommodate his disabilities. Instead, Presidio summarily fired him rather than accommodate him
13 and/or because he is disabled and/or because he exercised his leave rights under State and Federal law.

14    19. This is all in violation of the FEHA.

15    20. This also was unlawful interference with and/or retaliation for requesting an FMLA leave, which
16 is also actionable. (29 U.S.C. § 2615(a)(1), (2); 29 C.F.R. § 825.220(a)(2), (3), (c).)

17                                    **FIRST CAUSE OF ACTION**

18                            **Breach of Written Employment Contract**

19                                    **(Plaintiff against All Defendants)**

20    21. Plaintiff hereby reincorporates by reference the allegations contained in paragraphs 1 through 20
21 as though fully set forth herein.

22    22. Madick had a written contract with Presidio, which is attached hereto as Exhibit A and
23 incorporated herein by reference.

24    23. Madick has performed, or was excused from performing, everything required of him under the
25 contract.

26    24. Defendants failed to pay Madick all of the amounts due Madick under the contract. This
27 constitutes breaches of the contract by Defendants.

28    25. Madick has been damaged in the approximate amount of $329,000 by these breaches of the

-4-                                            **Plaintiff's Complaint**

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

1    contract by Defendants.

2    26. Madick seeks at least $329,000 on this cause of action.

3

4                 **SECOND CAUSE OF ACTION**

5       **Disability Discrimination and Retaliation in Violation of the FEHA**

6               **(Plaintiff against All Defendants)**

7    27. Plaintiff hereby reincorporates by reference the allegations contained in paragraphs 1 through 26

8    as though fully set forth herein.

9    28. Madick's disabilities are disabilities under the FEHA.

10    29. It is unlawful under the FEHA for an employer: (a) to fail to accommodate an employee with a

11    disability or medical condition; (b) to fail to "engage in a timely, good-faith, interactive process with the

12    employee" "to determine effective reasonable accommodations, if any, in response to a request for

13    reasonable accommodation by an employee . . . with a known physical or mental disability or known

14    medical condition"; or (c) to terminate an employee because of his or her disability. (Cal. Gov't Code

15    § 12940(m), (n), and (a); *Fisher v. Superior Court* (1986) 177 Cal.App.3d 779, 783.)

16    30. Indeed, it is unlawful under the FEHA for an employer to fail to engage in an interactive process

17    with an employee that has a disability to determine how to accommodate that employee's disability.

18    (Cal. Gov't Code § 12926.1(e) ("The Legislature affirms the importance of the interactive process

19    between the applicant or employee and the employer in determining a reasonable accommodation as this

20    requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive

21    guidance of the Americans with Disabilities Act of 1990.") The employer must engage in a "timely,

22    good faith interactive process . . . in response to a request for reasonable accommodation by an employee

23    or applicant with a known physical or mental disability or known medical condition." (Cal. Gov't Code

24    § 12940(n).)

25    30. Here, Defendants violated the FEHA and engaged in multiple types of disability discrimination

26    and unlawful retaliation against Madick.

27    31. First, Defendants failed to accommodate Madick's disabilities. That is a violation of *inter alia*

28    California Government Code § 12940(m), and it is called a failure to accommodate.

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

               **Plaintiff's Complaint**

1   32. Second, Defendants failed to engage in the good-faith interactive process in response to his

2   request for a reasonable accommodation. That is a violation of *inter alia* California Government Code

3   § 12940(n), and it is called a failure to engage in the interactive process.

4   33. Third, Defendants also fired Madick because he is disabled. This is a violation of *inter alia*

5   California Government Code § 12940(a).

6   34. Accordingly, Defendants engaged in multiple types of disability discrimination and retaliation.

7   35. This is all in violation of the FEHA.

8   36. As a proximate result of Defendants' engaging in various types of disability discrimination and

9   retaliation as alleged in this complaint and this cause of action, Madick has been harmed in that he has

10  suffered the loss of salary, bonuses, wages, profit-sharing, benefits, potential promotions, and additional

11  amounts of money that he would have received if Defendants had not illegally discriminated and

12  retaliated against him as set forth in this complaint. As a result of such unlawful conduct and consequent

13  harm, Madick has suffered damages in an amount according to proof, but in no event less than $950,000.

14  37. As a further proximate result of Defendants' illegal actions against Madick, as alleged in this

15  complaint and in this cause of action, Madick has been harmed in that he has suffered humiliation,

16  mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result

17  of such illegal conduct and consequent harm, Madick has suffered damages in an amount according to

18  proof, but in no event less than $450,000.

19  38. Madick is informed and believes that the actions of Defendants arose from malice and/or ill-will

20  toward Madick and a desire to oppress him and with the wrongful intention of injuring him. Madick is

21  also informed and believes that the conduct was taken with an improper and evil motive amounting to

22  malice and in conscious disregard of Madick's rights. Madick is further informed and believes and

23  thereon alleges that the acts and conduct of Defendants as alleged herein were undertaken with conscious

24  disregard of Madick's rights and with the intent to vex, injure, or annoy him such as to constitute

25  oppression, fraud, or malice entitling him to recover punitive damages in a sum to be determined at trial.

26  Moreover, the conduct engaged in at Defendants that gives rise to this punitive-damages liability was

27  done by managing agents of Defendants.

28  39. Pursuant to California statute and case law, Madick is also entitled to his attorneys' fees for

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-6-                                    **Plaintiff's Complaint**

1 having to bring this cause of action.

2

3

4 ### THIRD CAUSE OF ACTION

5 **Discrimination and Retaliation Under the CFRA for Taking and Requesting Leave**

6 **(In Violation of Cal. Gov't Code § 12945.2)**

7 **(Plaintiff against All Defendants)**

8 40. Plaintiff hereby reincorporate by reference the allegations contained in paragraphs 1 through 39

9 as though fully set forth herein.

10 41. Presidio is a business entity that is subject to the FEHA, including the California Family Rights

11 Act (the "CFRA"), in that Presidio regularly employs more than 5 people.

12 42. Madick was a qualified employee eligible to take leave under the CFRA.

13 43. In the beginning of August 2021, Madick had enough hours to qualify for a leave under the

14 CFRA, and he submitted the appropriate paperwork to take such a leave.

15 44. He also inquired about a qualified leave.

16 45. Shortly after he took a leave, Defendants fired him.

17 46. In the immediately preceding fiscal year, Madick's performance was outstanding.

18 47. Immediately prior to requesting this leave, Madick had worked for over one year for Presidio and

19 had worked in excess of 1250 hours for Presidio in the immediately preceding 12 months. Moreover,

20 Presidio employs well in excess of 5 employees.

21 48. Defendants and its managing agents unlawfully discriminated and retaliated against Madick —

22 by firing him after he requested and took this leave — all because he took a leave that qualifies as a

23 CFRA leave.

24 49. Madick at all times during his employment was meeting Defendants' legitimate expectations.

25 Indeed, he was an outstanding employee. Madick's position was not eliminated.

26 50. Rather, Defendants retaliated against Madick because of his taking a leave.

27 51. Defendants' actions against Madick, as alleged in this complaint and in this cause of action,

28 constitute unlawful discrimination and retaliation in violation of the CFRA.

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-7-

1  52. As a proximate result of Defendants' discriminatory and retaliatory actions against Madick, as
2  alleged in this complaint and in this cause of action, Madick has been harmed in that he has suffered the
3  loss of salary, bonuses, wages, profit-sharing, benefits, potential promotions, and additional amounts of
4  money that he would have received if Defendants had not illegally discriminated and retaliated against
5  him as set forth in this complaint. As a result of such unlawful discrimination and retaliation and
6  consequent harm, Madick has suffered damages in an amount according to proof, but in no event less
7  than $950,000.

8  53. As a further proximate result of Defendants' illegal actions against Madick, as alleged in this
9  complaint and in this cause of action, Madick has been harmed in that he has suffered humiliation,
10 mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result
11 of such illegal conduct and consequent harm, Madick has suffered damages in an amount according to
12 proof, but in no event less than $450,000.

13 54. Madick is informed and believes that the actions of Defendants arose from malice and/or ill-will
14 toward Madick and a desire to oppress him and with the wrongful intention of injuring him. Madick is
15 also informed and believes that the conduct was taken with an improper and evil motive amounting to
16 malice and in conscious disregard of Madick's rights. Madick is further informed and believes and
17 thereon alleges that the acts and conduct of Defendants as alleged herein were undertaken with conscious
18 disregard of Madick's rights and with the intent to vex, injure, or annoy him such as to constitute
19 oppression, fraud, or malice entitling him to recover punitive damages in a sum to be determined at trial.
20 Moreover, the conduct engaged in at Defendants that gives rise to this punitive-damages liability was
21 done by managing agents of Defendants.

22 55. Pursuant to California law, Madick is also entitled to his attorneys' fees for having to bring this
23 cause of action to vindicate his civil rights.

24 **FOURTH CAUSE OF ACTION**

25 **Discrimination and Retaliation for Taking and Requesting FMLA Leave**

26 **(In Violation of 29 U.S.C. § 2615(b); 29 C.F.R. § 825.220(a))**

27 **(Plaintiff against All Defendants)**

28 56. Plaintiff hereby reincorporate by reference the allegations contained in paragraphs 1 through 55

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-8-

1  as though fully set forth herein.

2  57. Defendants is a business entity that is subject to the FMLA in that Defendants regularly employs
3  thousands of persons.

4  58. Madick was a qualified employee eligible to take FMLA leave.

5  59. In the beginning of August 2021, Madick had enough hours to qualify for an FMLA leave, and
6  he submitted the appropriate paperwork to take FMLA leave.

7  60. Shortly after he took a leave, Defendants fired him.

8  61. In the immediately preceding fiscal year, Madick's performance was outstanding.

9  62. Immediately prior to requesting this leave, Madick had worked for over one year for Defendants
10  and had worked in excess of 1250 hours for Defendants in the immediately preceding 12 months.
11  Moreover, Defendants employs well in excess of 50 employees within a 75 mile radius of where Madick
12  worked for Defendants.

13  63. Defendants and its managing agents unlawfully discriminated and retaliated against Madick —
14  by firing him after he requested and took this leave — all because he took a leave that qualifies as a
15  FMLA leave.

16  64. Madick at all times during his employment was meeting Defendants' legitimate expectations.
17  Indeed, he was an outstanding employee. Madick's position was not eliminated.

18  65. Rather, Defendants retaliated against Madick because he had taken a leave.

19  66. Defendants' actions against Madick, as alleged in this complaint and in this cause of action,
20  constitute unlawful discrimination and retaliation in violation of 29 U.S.C. § 2615(b) and 29 C.F.R.
21  § 825.220(a).

22  67. As a proximate result of Defendants' discriminatory and retaliatory actions against Madick, as
23  alleged in this complaint and in this cause of action, Madick has been harmed in that he has suffered the
24  loss of salary, bonuses, wages, profit-sharing, benefits, potential promotions, and additional amounts of
25  money that he would have received if Defendants had not illegally discriminated and retaliated against
26  him as set forth in this complaint. As a result of such unlawful discrimination and retaliation and
27  consequent harm, Madick has suffered damages in an amount according to proof, but in no event less
28  than $950,000.

**Plaintiff's Complaint**

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

1  68. As a further proximate result of Defendants' illegal actions against Madick, as alleged in this

2  complaint and in this cause of action, Madick is entitled to liquidated damages under the FMLA.

3  69. Pursuant to Federal law, Madick is also entitled to his attorneys' fees for having to bring this

4  cause of action to vindicate his civil rights.

5  ## FIFTH CAUSE OF ACTION

6  ### Wrongful Termination in Violation of Public Policy

7  ### (Plaintiff against All Defendants)

8  70. Plaintiff hereby incorporate paragraphs 1 through 69 herein by reference as if set forth in full.

9  71. Defendants fired Madick because he is disabled, because he had previously taken a leave, and/or

10  because they did not want to accommodate him or engage in the interactive process with him.

11  72. Defendants' firing Madick was in violation of numerous California and Federal statutes,

12  including, but are not limited to, California Government Code § 12940(m), (n), and (a); California

13  Government Code § 12945.2; 29 U.S.C. § 2615(b); 29 C.F.R. § 825.220(a).

14  73. The policies set forth in these statutes: (1) are policies that are statutes that prohibit employment

15  discrimination and retaliation based upon disability, requesting accommodation for same, requesting a

16  leave for same, and requesting a good-faith interactive process to accommodate same; (2) are public in

17  the sense that they "inure to the benefit of the public" rather than serving merely the interests of the

18  individual; (3) were articulated the entire time that Plaintiff worked for and was an employee of

19  Defendants; and (4) are and were "fundamental" and "substantial."

20  74. As alleged in this complaint, Defendants fired Madick after he took a leave and after he requested

21  a reasonable accommodation of his disability.

22  75. Plaintiff was employed by Defendants.

23  76. Defendants discharged Plaintiff.

24  77. Disability discrimination and/or retaliation under the FEHA and/or retaliation/discrimination

25  under the CFRA and/or retaliation/discrimination under the FMLA was a substantial motivating reason

26  for Plaintiff's discharge.

27  78. The discharge of Plaintiff caused him harm.

28  79. As a proximate result of Defendants' wrongful termination of Madick, as alleged in this

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-10-                                                    **Plaintiff's Complaint**

1 complaint and in this cause of action, Madick has been harmed in that he has suffered the loss of salary,
2 bonuses, wages, profit-sharing, benefits, potential promotions, and additional amounts of money that
3 he would have received if Defendants had not illegally discriminated and retaliated against him as set
4 forth in this complaint. As a result of such unlawful discrimination and retaliation and consequent harm,
5 Madick has suffered damages in an amount according to proof, but in no event less than $950,000.

6 80. As a further proximate result of Defendants' wrongful termination of Madick, as alleged in this
7 complaint and in this cause of action, Madick has been harmed in that he has suffered humiliation,
8 mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result
9 of such illegal conduct and consequent harm, Madick has suffered damages in an amount according to
10 proof, but in no event less than $450,000.

11 81. Madick is informed and believes that the actions of Defendants arose from malice and/or ill-will
12 toward Madick and a desire to oppress him and with the wrongful intention of injuring him. Madick is
13 also informed and believes that the conduct was taken with an improper and evil motive amounting to
14 malice and in conscious disregard of Madick's rights. Madick is further informed and believes and
15 thereon alleges that the acts and conduct of Defendants as alleged herein were undertaken with conscious
16 disregard of Madick's rights and with the intent to vex, injure, or annoy him such as to constitute
17 oppression, fraud, or malice entitling him to recover punitive damages in a sum to be determined at trial.
18 Moreover, the conduct engaged in at Defendants that gives rise to this punitive-damages liability was
19 done by managing agents of Defendants.

20 **PRAYER FOR RELIEF**

21 Wherefore, Plaintiff accordingly prays for the following relief:

22 1. On his first cause of action, for actual damages in an amount to be proven at trial, but in no event
23 less than $329,000,

24 2. On his other causes of action, for actual damages in an additional amount to be proven at trial,
25 but in no event less than $1,400,000

26 3. For punitive damages;

27 4. For costs and expenses of suit incurred herein;

28 5. For attorneys' fees; and

-11- **Plaintiff's Complaint**

6. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: April 19, 2022                    LAW OFFICE OF MARK MAZDA

By: _____
                    Mark Mazda

Attorney for Plaintiff
Steven Madick

LAW OFFICE OF MARK MAZDA
ATTORNEY AT LAW
2601 Main Street, Suite 1200
Irvine, California 92614
(949) 222-9182

-12-                                    **Plaintiff's Complaint**

# Exhibit A

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

## EMPLOYMENT AGREEMENT

THIS EMPLOYMENT AGREEMENT (this "Agreement") is entered into as of August 23, 2017 (the "Effective Date") by and between Presidio, Inc., a Delaware corporation (the "Company"), and Steven Madick (the "Employee").

WHEREAS, the Employee is party to an Offer Letter , dated August 10, 2017 (the "Prior Agreement"), by and between the Company and the Employee; and

WHEREAS, the Company desires to employ the Employee in an Employee capacity on the terms and subject to the conditions, and for the consideration set forth herein, and the Employee desires to remain employed by the Company and its affiliates on such terms, subject to such conditions, and for such consideration.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth below, and for other good and valuable consideration, it is hereby agreed by the Company and the Employee as follows:

1.      Employment Period. The term of the Employee's employment hereunder shall commence on the Effective Date and shall continue until the third anniversary of the Effective Date (the "Employment Period"); provided that, commencing on such anniversary and on each subsequent anniversary of the Effective Date (each such anniversary, a "Renewal Date"), unless earlier terminated, the Employment Period shall be automatically extended so as to terminate on the first anniversary of such Renewal Date, unless, at least 90 days prior to a Renewal Date, either party shall give notice to the other that the Employment Period shall not be so extended; and provided, further, that, upon a Change in Control (as defined in the Presidio, Inc. 2017 Long-Term Incentive Plan as in effect on the Effective Date), unless earlier terminated, the Employment Period shall automatically be extended to the date that is two years from the date of the consummation of the Change in Control (subject to renewal thereafter as set forth above). Notwithstanding the foregoing, the Employment Period shall immediately expire upon any termination of the Employee's employment with the Company pursuant to Section 4.

2.      Position and Duties.

(a)      Position. During the Employment Period, the Employee shall serve as Vice President, Presidio West of the Company and shall report to the Area President - Presidio West of the Company unless otherwise directed by the President, Presidio Networked Solutions and final approval by the CEO.

(b)      Duties. During the Employment Period, the Employee shall have such responsibilities, duties, and authority that are customary for the Employee's position, subject at all times to the control of the President, Presidio Networked Solutions with final approval by the CEO, shall perform such services as customarily are provided by an employee of a corporation with the Employee's position and such other services consistent with the Employee's position, as shall be assigned to the Employee from time to time by the President, Presidio Networked Solutions with final approval by the CEO. During the Employment Period, and excluding any periods of vacation and sick leave to which the Employee is entitled, the Employee agrees to devote all of the Employee's business time to the business and affairs of the Company. The

Employee shall be entitled to engage in charitable and educational activities and to manage the Employee's personal and family investments, to the extent such activities are not competitive with the business of the Company, do not materially interfere with the performance of the Employee's duties for the Company, and are otherwise consistent with the Company's governance policies.

(c)     Location. During the Term, the Employee shall be based at the Company's offices in Newport Beach, California, subject to reasonable business travel at the Company's request.

3.     Compensation and Benefits.

(a)     Base Salary. During the Employment Period, the Employee shall receive an annual base salary (the "Base Salary") of no less than $265,000, payable in accordance with the Company's regular payroll practices. The Base Salary shall be reviewed periodically by the President, Presidio Networked Solutions and final approval by the CEO, and may be increased but not decreased.

(b)     Annual Bonus. During the Employment Period, the Employee shall be eligible to receive an annual bonus (an "Annual Bonus") pursuant to the Presidio, Inc. Employee Bonus Plan (or any successor thereto) (the "Annual Bonus Plan") with respect to each fiscal year of the Company as determined by the President, Presidio Networked Solutions and final approval by the CEO, in his discretion and subject to the achievement of performance targets or goals to be established by the in his discretion with respect to such fiscal year. The Employee's target Annual Bonus opportunity for each fiscal year during the Employment Period shall be $135,000 (the "Target Annual Bonus") to be paid quarterly. The Target Annual Bonus opportunity may be increased but not decreased in the sole discretion of the President, Presidio Networked Solutions and final approval by the CEO. Any earned Annual Bonus shall be paid to the Employee pursuant to the terms of the Annual Bonus Plan; provided, however, that any such Annual Bonus for a fiscal year shall be paid to the Employee no later than the 15th day of the third month following the end of such fiscal year, unless the Company or the Employee shall elect to defer the receipt of such Annual Bonus pursuant to an arrangement that meets the requirements of Section 409A of the Internal Revenue Code of 1986, as amended (the "Code").

(c)     Employee Benefits. During the Employment Period, the Employee shall be entitled to participate in employee benefit and perquisite plans, practices, policies, and programs generally applicable to employees of the Company on substantially the same terms applicable to similarly situated senior employees of the Company from time to time.

(d)     Expenses. During the Employment Period, the Company shall reimburse the Employee for all reasonable expenses incurred by the Employee in the performance of the Employee's duties in accordance with the Company's policies applicable to similarly situated senior employees of the Company from time to time.

(e)     Vacation and Paid Time Off. During the Employment Period, the Employee shall be entitled to paid vacation and paid time off in accordance with the plans,

-2-

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

policies. programs, and practices of the Company as in effect with respect to similarly situated senior employees of the Company from time to time.

4.    Termination of Employment.

(a)    Death or Disability. The Employee's employment shall terminate automatically upon the Employee's death during the Employment Period. If the Company determines in good faith that the Disability of the Employee has occurred during the Employment Period (pursuant to the definition of "Disability" set forth below), it may give to the Employee written notice in accordance with Section 12(b). In such event, the Employee's employment with the Company shall terminate. For purposes of this Agreement, "Disability" means the absence of the Employee from the Employee's duties with the Company for either (i) 180 consecutive calendar days or (ii) 180 total days during any period of 365 consecutive calendar days, in each case, due to a disability or other incapacity that renders the Employee physically or mentally unable to perform substantially all of the Employee's duties and responsibilities hereunder, which disability or other incapacity is determined to be permanent by a physician selected by the Company or its insurers and acceptable to the Employee or the Employee's legal representative.

(b)    With or without Cause. The Company may terminate the Employee's employment during the Employment Period with or without Cause. For purposes of this Agreement, "Cause" means the Employee's termination of employment based upon any one of the following, as determined in good faith by the Board: (i) the Employee is convicted of, or pleads guilty or *nolo contendere* to a felony or other crime involving moral turpitude, dishonesty, or sexual misconduct (other than motor vehicle related for which a noncustodial sentence is received); (ii) the Employee's theft, embezzlement, fraud, misappropriation, or misconduct involving, or intentional infliction of material damage to, the Company's or any affiliate's assets. property, or business opportunities; (iii) the Employee receives a positive illegal drug test result, and the Employee does not provide evidence refuting such result to the Board after having been given a reasonable opportunity to do so; (iv) the Employee's habitual misuse of alcohol or controlled substances or the performance of the Employee's duties for the Company under the material influence of alcohol or non-prescribed controlled substances; (v) intentional failure to substantially perform (other than by reason of Disability), or gross negligence in the performance of. the Employee's duties to the Company or any affiliates, or the Employee's refusal or intentional failure to follow or carry out any lawful direction of the Board or any of its affiliate's board of directors (or other equivalent governing body) or the written policies of the Company; or (vi) the Employee's intentional, material breach of any agreement between the Employee and the Company or any affiliate of the Company. Prior to any termination with Cause, the Company shall provide written notice to the Employee of its intent to effect a termination of the Employee's employment with Cause and provide the Employee with an opportunity to demonstrate that there is no basis for such a termination with Cause. The Company, in its sole discretion, shall determine the amount of time that the Employee will be given to demonstrate that there is no basis for a termination with Cause; provided that during such time period the Company shall have the right to put the Employee on leave.

(c)    With or without Good Reason. The Employee's employment may be terminated by the Employee with or without Good Reason. For purposes of this Agreement,

-3-

"Good Reason" means the Employee's voluntary resignation after any of the following actions are taken by the Company or any of its subsidiaries without the Employee's consent: (i) there has been a reduction in the Employee's Base Salary; (ii) the Employee experiences a substantial diminution in the Employee's title, status, reporting relationships, authority, duties, or responsibilities; (iii) any intentional, material breach by the Company of the terms of this Agreement; (iv) any relocation of the Employee's principal office more than 20 miles from the Employee's principal office as of the Effective Date or (v) the Company delivers to the Employee notice of the Company's intent not to renew this Agreement as of any Renewal Date in accordance with Section 1. To terminate employment with Good Reason, (A) the Employee must provide written notice of any alleged violation of clauses (i) through (iv) above stating the basis for such termination within 90 days following any such alleged violation, (B) the Company shall have 30 days following receipt of the written notice described in clause (A) to cure the alleged violation (the "Cure Period"), and (C) if the Company fails to cure the alleged violation, the Employee must terminate the Employee's employment with the Company during the 30-day period following the Cure Period.

(d)     Retirement. The Employee's employment may be terminated by the Employee upon the Employee's Retirement. For purposes of this Agreement, "Retirement" means the Employee's termination of employment at a time when the Employee has (i) attained age 65 or (ii) attained age 55 and the sum of the Employee's age and years of employment or service to the Company or its subsidiaries (or its predecessors and successors) equals or exceeds 65.

(e)     Notice of Termination. Any termination by the Company with or without Cause, or by Employee for Good Reason or without Good Reason, shall be communicated through a Notice of Termination to the other party hereto given in accordance with Section 12(b). For purposes of this Agreement, a "Notice of Termination" means a written notice that (i) indicates the specific termination provision in this Agreement relied upon, (ii) to the extent applicable, sets forth in reasonable detail the facts and circumstances claimed to provide a basis for termination of the Employee's employment under the provision so indicated, and (iii) if the Date of Termination (as defined below) is other than the date of receipt of such notice, specifies the Date of Termination (which date shall be not more than 30 days after the giving of such notice). The failure by the Employee or the Company to set forth in the Notice of Termination any fact or circumstance that contributes to a showing of Good Reason or Cause shall not waive any right of the Employee or the Company hereunder or preclude the Employee or the Company from asserting such fact or circumstance in enforcing the Employee's or the Company's rights hereunder.

(f)     Date of Termination. For purposes of this Agreement, "Date of Termination" means (i) if the Employee's employment is terminated by the Company with Cause or without Cause, or by the Employee with or without Good Reason, the date of receipt of the Notice of Termination or any later date specified therein within 30 days of such notice, as the case may be (except that in the case of a termination by the Employee, the Company may in its sole discretion change any such later date to a date of its choosing between the date of such receipt and such later date), and (ii) if the Employee dies or experiences Disability, the Date of Termination shall be the date of death of the Employee or the determination of the Disability, as the case may be.

-4-

(g)    Effect of Termination on Other Positions. If, on the Date of Termination, the Employee is a member of the Board or the board of directors of any of the Company's affiliates, or holds any other position with the Company or its affiliates, the Employee shall be deemed to have resigned from all such positions as of the Date of Termination. The Employee agrees to execute such documents and take such other actions as the Company may reasonably request to reflect such resignation.

5.    Obligations of the Company upon Termination of Employment.

(a)    Termination without Cause: Resignation with Good Reason. If, during the Employment Period, the Company terminates the Employee's employment without Cause or the Employee resigns employment with Good Reason, then, the Company shall pay or provide, as applicable, the following to the Employee (subject to the applicable provisions of Section 12 below):

(i)    An amount equal to the sum of (A) the Employee's Base Salary through the Date of Termination to the extent not theretofore paid, (B) any accrued but unpaid vacation and paid time off to the extent not theretofore paid, and (C) any unreimbursed business expenses incurred prior to the Date of Termination (the amounts described in clauses (A), (B), and (C), the "Accrued Obligations"), which amount shall be paid in a cash lump sum within 30 days following the Date of Termination.

(ii)    Subject to Section 5(e) and the Employee's continued compliance with the Restrictive Covenants (as defined below), an amount in cash equal to six (6) months of the Employee's Base Salary in effect immediately prior to such termination of employment (the "Severance Amount"), and, solely if such termination of employment occurs during the two-year period following a Change in Control, an amount equal to one-half (1/2) of the Employee's Target Annual Bonus in effect immediately prior to the consummation of such Change in Control (the "Target Bonus Severance Amount")), which amounts shall be paid to the Employee in equal installments during the 6-month period following the Date of Termination (the "Severance Period") in accordance with the Company's regular payroll practices for the employees of the Company, with the first payment to be made on the first payroll date immediately following the 30th day after the Date of Termination (with any accrued and unpaid installments from the Date of Termination to be paid on the payroll date on which the first installment is paid).

(iii)    Subject to Section 5(e) and the Employee's continued compliance with the Restrictive Covenants, a prorated Annual Bonus for the fiscal year in which the Date of Termination occurs (the "Prorated Annual Bonus") in an amount to equal the product of (A) the amount of the Annual Bonus for such fiscal year determined by the President, Presidio Networked Solutions and final approval by the CEO based on the Company's actual performance for such fiscal year (or, if such termination of employment occurs during the two-year period following a Change in Control, then the Target Annual Bonus), *multiplied by* (B) a fraction, the numerator of which is the number of days that have elapsed through the Date of Termination in the fiscal year of the Company in which the Date of Termination occurs, and the denominator of which is the number of days in such fiscal year, with such amount to be paid in a lump sum in cash on the date on which the Company otherwise makes Annual Bonus payments

-5-

to employees for such fiscal year (other than any portion of such Annual Bonus that was deferred, which portion shall instead be paid in accordance with the applicable deferral arrangement and any election thereunder).

(iv)     Subject to Section 5(e) and the Employee's continued compliance with the Restrictive Covenants, a lump sum payment equal to the cost of the monthly premiums for medical and dental coverage for the Employee and his or her eligible dependents under the Consolidated Omnibus Budget Reconciliation Act of 1985, currently embodied in Section 4980B of the Code, through the date that is 6 months following the Date of Termination (such payment, the "Premium Payment"), which lump sum payment shall be paid on the first payroll date immediately following the 30th day after the Date of Termination.

(v)     To the extent not theretofore paid or provided, timely pay or provide, in accordance with the terms of the applicable plan, program, policy, practice, or contract, to the Employee any other vested amounts or benefits required to be paid or provided or that the Employee is eligible to receive under any plan, program, policy, practice, or contract of the Company through the Date of Termination (such other amounts and benefits, the "Other Benefits").

Notwithstanding the foregoing, if the Employee's employment with the Company is terminated by the Company, the Date of Termination occurs during the six-month period immediately preceding the date on which a Change in Control occurs but after the date a definitive transaction agreement is executed that contemplates such a Change in Control, and it is reasonably demonstrated by the Employee that such termination of employment was initiated by the acquiror or merger partner in connection with the Change in Control, then for purposes of this Section 5(a), the Employee's employment shall be deemed to have terminated immediately upon the closing of the Change in Control, with the amount that would have been payable as the Target Bonus Severance Amount if the Date of Termination had in fact occurred upon the Change in Control to be paid in equal installments over the balance of the Severance Period at the same time as the Severance Amount is paid during such period.

(b)     Death or Disability. If, during the Employment Period, the Employee dies or experiences a Disability, then, the Company shall pay or provide, as applicable, the following to the Employee (or, to the extent applicable, the Employee's estate or beneficiaries): (i) the Accrued Obligations, (ii) a Prorated Annual Bonus (based on the Company's actual performance for the fiscal year in which such termination of employment occurs), (iii) the Premium Payment and (iv) the Other Benefits at the time or times specified in Sections 5(a)(i), 5(a)(iii), 5(a)(iv), and 5(a)(v), respectively.

(c)     Retirement. If, during the Employment Period, the Employee's employment terminates due to the Employee's Retirement, then, the Company shall pay or provide, as applicable, the following to the Employee (i) the Accrued Obligations, (ii) a Prorated Annual Bonus (based on the Company's actual performance for the fiscal year in which the Date of Termination occurs) and (iii) the Other Benefits at the time or times specified in Sections 5(a)(i), 5(a)(iii), and 5(a)(v), respectively.

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

(d)    Termination with Cause; Resignation without Good Reason. If, during the Employment Period, the Employee's employment is terminated by the Company with Cause or the Employee resigns employment without Good Reason, then the Employment Period shall terminate without further obligations to the Employee under this Agreement, other than for payment of Accrued Obligations and the payment or provision of Other Benefits at the time or times specified in Sections 5(a)(i) and 5(a)(v), respectively.

(e)    Conditions to Rights and Benefits of the Employee. All rights and benefits to which the Employee may be entitled under this Section 5 (other than the Accrued Obligations and the Other Benefits) shall be subject to the Employee's continuing compliance with the Restrictive Covenants and to the Employee's execution and delivery to the Company of a release of claims in substantially the form attached hereto as Exhibit A (the "Release") within 30 days following the Date of Termination (and non-revocation within the time period set forth therein). If the 30-day period referenced above begins and ends in different taxable years of the Employee, any payments or benefits under this Agreement that constitute nonqualified deferred compensation under Section 409A of the Code and the payment or settlement of which is conditioned on the effectiveness of the Release shall be paid in the later taxable year.

6.    Non-Exclusivity of Rights. Amounts that are vested benefits or that the Employee is otherwise entitled to receive under any plan, policy, practice, or program of or any contract or agreement with the Company (including any long-term incentive plan and related grant agreements) at or subsequent to the Date of Termination shall be payable in accordance with such plan, policy, practice, program, or contract or agreement, except as explicitly modified by this Agreement. Notwithstanding the foregoing, if the Employee receives payments and benefits pursuant to Section 5(a), the Employee shall not be entitled to any severance pay or benefits under any severance plan, program, or policy of the Company and its affiliates, unless otherwise specifically provided therein in a specific reference to this Agreement.

7.    No Mitigation. In no event shall the Employee be obligated to seek other employment or take any other action by way of mitigation of any amounts payable to the Employee under Section 5(a) and such amounts shall not be reduced whether or not the Employee obtains other employment.

8.    Restrictive Covenants.

(a)    Restrictive Covenant Agreement. By executing this Agreement, the Employee hereby (i) acknowledges and agrees that the Employee is and shall be subject to that certain Confidentiality, Invention Assignment and Non-Solicitation Agreement , dated as of the date hereof (the "Restrictive Covenant Agreement"), by and between the Company and the Employee, and (ii) reaffirms and agrees to be bound by the restrictive covenants set forth in the Restrictive Covenant Agreement (the "Restrictive Covenants"). Nothing in this Agreement or the Restrictive Covenant Agreement limits the Employee's ability to communicate with any federal, state, or local governmental agency, commission, or body, including the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, and the Securities and Exchange Commission (collectively, a "Governmental Agency"), or self-regulatory organization or otherwise participate in any

-7-

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

investigation or proceeding that may be conducted by any Governmental Agency or self-regulatory organization, without notice to the Company.

(b)     Cooperation. The Employee acknowledges and agrees that, during the Restricted Period (as defined in the Restrictive Covenant Agreement), the Employee shall cooperate, in a reasonable and appropriate manner, with the Company and its attorneys in connection with any litigation or other proceeding arising out of or relating to matters in which the Employee was involved prior to the termination of the Employee's employment to the extent the Company pays any and all of the reasonable actual expenses that the Employee incurs in connection with such cooperation, including, but not limited to, expenses incurred for travel and lodging, if any.

9.     Certain Reductions in Payments.

(a)     Certain Reduction. Anything in this Agreement to the contrary notwithstanding, in the event the Accounting Firm (as defined below) shall determine that receipt of all Payments (as defined below) would subject the Employee to the excise tax under Section 4999 of the Code, the Accounting Firm shall determine whether to reduce any of the Payments paid or payable pursuant to this Agreement (the "Agreement Payments") so that the Parachute Value (as defined below) of all Payments, in the aggregate, equals the Safe Harbor Amount (as defined below). The Agreement Payments shall be so reduced only if the Accounting Firm determines that the Employee would have a greater Net After-Tax Receipt (as defined below) of aggregate Payments if the Agreement Payments were so reduced. If the Accounting Firm determines that the Employee would not have a greater Net After-Tax Receipt of aggregate Payments if the Agreement Payments were so reduced, the Employee shall receive all Agreement Payments to which the Employee is entitled hereunder. For purposes of all present value determinations required to be made under this Section 9, the Company and the Employee elect to use the applicable federal rate that is in effect on the Effective Date pursuant to Treasury Regulations § 1-280G, Q&A-32.

(b)     Determination. If the Accounting Firm determines that aggregate Agreement Payments should be reduced so that the Parachute Value of all Payments, in the aggregate, equals the Safe Harbor Amount, the Company shall promptly give the Employee notice to that effect and a copy of the detailed calculation thereof. All determinations made by the Accounting Firm under this Section 9 shall be binding upon the Company and the Employee and shall be made as soon as reasonably practicable and in no event later than 15 days following the Date of Termination. For purposes of reducing the Agreement Payments so that the Parachute Value of all Payments, in the aggregate, equals the Safe Harbor Amount, only amounts payable under this Agreement (and no other Payments) shall be reduced. The reduction of the amounts payable hereunder, if applicable, shall be made by reducing the Agreement Payments that are parachute payments in the following order: (i) cash payments under Section 5(a) that do not constitute deferred compensation within the meaning of Section 409A of the Code, and (ii) cash payments under Section 5(a) that do constitute deferred compensation, in each case, beginning with the payments with the payments or benefits that are to be paid or provided the farthest in time from the Date of Termination. All reasonable fees and expenses of the Accounting Firm shall be borne solely by the Company.

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

(c)     Reasonable Compensation. To the extent requested by the Employee, the Company shall cooperate with the Employee in good faith in valuing, and the Accounting Firm shall take into account the value of, services provided or to be provided by the Employee (including, without limitation, the Employee's agreeing to refrain from performing services pursuant to a covenant not to compete or similar covenant, before, on, or after the date of a "change in ownership or control" of the Company (within the meaning of Q&A-2(b) of the final regulations under Section 280G of the Code)), such that payments in respect of such services may be considered reasonable compensation within the meaning of Q&A-9 and Q&A-40 to Q&A-44 of the final regulations under Section 280G of the Code and/or exempt from the definition of the term "parachute payment" within the meaning of Q&A-2(a) of the final regulations under Section 280G of the Code in accordance with Q&A-5(a) of the final regulations under Section 280G of the Code.

(d)     Certain Definitions. The following terms shall have the following meanings for purposes of this Section 9:

(i)     "Accounting Firm" shall mean a nationally recognized certified public accounting firm or other professional organization that employs certified public accountants recognized as an expert in determinations and calculations for purposes of Section 280G of the Code that is selected by the Company prior to a Change in Control for purposes of making the applicable determinations hereunder and is reasonably acceptable to the Employee, which firm shall not, without the Employee's consent, be a firm serving as accountant or auditor for the individual, entity or group effecting the Change in Control.

(ii)     "Net After-Tax Receipt" shall mean the present value (as determined in accordance with Sections $280G(b)(2)(A)(ii)$ and $280G(d)(4)$ of the Code) of a Payment net of all taxes imposed on the Employee with respect thereto under Sections 1 and 4999 of the Code and under applicable state and local laws, determined by applying the highest marginal rate under Section 1 of the Code and under state and local laws that applied to the Employee's taxable income for the immediately preceding taxable year, or such other rate(s) as the Accounting Firm determines to be likely to apply to the Employee in the relevant tax year(s).

(iii)     "Parachute Value" of a Payment shall mean the present value as of the date of the "change in ownership or control" for purposes of Section 280G of the Code of the portion of such Payment that constitutes a "parachute payment" under Section $280G(b)(2)$ of the Code, as determined by the Accounting Firm for purposes of determining whether and to what extent the excise tax under Section 4999 of the Code will apply to such Payment.

(iv)     "Payment" shall mean any payment or distribution in the nature of compensation (within the meaning of Section $280G(b)(2)$ of the Code) to or for the benefit of the Employee, whether paid or payable pursuant to this Agreement or otherwise.

(v)     "Safe Harbor Amount" shall mean 2.99 times the Employee's "base amount," within the meaning of Section $280G(b)(3)$ of the Code.

(e)     Survival. The provisions of this Section 9 shall survive the expiration of this Agreement.

-9-

10.     Successors. Employee. This Agreement is personal to the Employee and, without the prior written consent of the Company, shall not be assignable by the Employee other than by will or the laws of descent and distribution. This Agreement shall inure to the benefit of and be enforceable by the Employee's legal representatives. Company. This Agreement shall inure to the benefit of and be binding upon the Company and its successors and assigns. The Company will require any successor (whether direct or indirect, by purchase, merger, consolidation, or otherwise) to all or substantially all of the business and/or assets of the Company to assume expressly and agree to perform this Agreement in the same manner and to the same extent that the Company would be required to perform it if no such succession had taken place. As used in this Agreement, "Company" shall mean the Company as hereinbefore defined and any successor to its business and/or assets as aforesaid which assumes and agrees to perform this Agreement by operation of law, or otherwise.

11.     Section 409A of the Code.

(a)     General. The obligations under this Agreement are intended to comply with the requirements of Section 409A of the Code or an exemption or exclusion therefrom and shall in all respects be administered in accordance with Section 409A of the Code. Any payments that qualify for the "short-term deferral" exception, the separation pay exception, or another exception under Section 409A of the Code shall be paid under the applicable exception to the maximum extent permissible. For purposes of the limitations on nonqualified deferred compensation under Section 409A of the Code, each payment of compensation under this Agreement shall be treated as a separate payment of compensation for purposes of applying the exclusion under Section 409A of the Code for short-term deferral amounts, the separation pay exception, or any other exception or exclusion under Section 409A of the Code. In no event may the Employee, directly or indirectly, designate the calendar year of any payment under this Agreement.

(b)     Reimbursements and In-Kind Benefits. Notwithstanding anything to the contrary in this Agreement, all reimbursements and in-kind benefits provided under this Agreement that constitute nonqualified deferred compensation subject to Section 409A of the Code shall be made in accordance with the requirements of Section 409A of the Code, including, without limitation, that (i) in no event shall reimbursements by the Company under this Agreement be made later than the end of the calendar year next following the calendar year in which the applicable fees and expenses were incurred, provided that the Employee shall have submitted an invoice for such fees and expenses at least 10 days before the end of the calendar year next following the calendar year in which such fees and expenses were incurred; (ii) the amount of in-kind benefits that the Company is obligated to pay or provide in any given calendar year shall not affect the in-kind benefits that the Company is obligated to pay or provide in any other calendar year; (iii) the Employee's right to have the Company pay or provide such reimbursements and in-kind benefits may not be liquidated or exchanged for any other benefit; and (iv) in no event shall the Company's obligations to make such reimbursements or to provide such in-kind benefits apply later than the Employee's remaining lifetime.

(c)     Delay of Payments. Notwithstanding anything herein to the contrary, if any amounts payable or benefits to be provided to the Employee under this Agreement constitute deferred compensation within the meaning of Section 409A of the Code (including by reason of

-10-

the separation pay and benefits under this Agreement being aggregated with the separation pay and benefits under another arrangement to which the Employee and the Company or any of its affiliates are a party or in which the Employee is an eligible participant), (i) if the Employee is a "specified employee" within the meaning of Section 409A of the Code (as determined in accordance with the methodology established by the Company as in effect on the Date of Termination), amounts that constitute nonqualified deferred compensation within the meaning of Section 409A of the Code that would otherwise be payable during the six-month period immediately following the Date of Termination on account of the Employee's separation from service shall instead be paid, with interest at the applicable federal rate provided for under Section 7872(f)(2)(A) of the Code (based on the rate in effect for the month in which the Employee's Date of Termination occurs), on the first business day of the seventh month following the Employee's "separation from service" within the meaning of Section 409A of the Code; (ii) if the Employee dies following the Date of Termination and prior to the payment of the any amounts delayed on account of Section 409A of the Code, such amounts shall be paid to the personal representative of the Employee's estate within 30 days after the date of the Employee's death; and (iii) in no event shall the date of termination of Employee's employment be deemed to occur until the Employee experiences a "separation from service" within the meaning of Section 409A of the Code, and notwithstanding anything contained herein to the contrary, the date on which such separation from service takes place shall be the Date of Termination.

12.    Miscellaneous.

(a)    Governing Law: Waiver of Jury Trial. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without reference to principles of conflict of laws. Each of the parties to this Agreement voluntarily and irrevocably waives trial by jury in any action or other proceeding brought in connection with this Agreement, any of the agreements related to this Agreement, or any of the transactions contemplated hereby or thereby.

(b)    Notices. All notices and other communications hereunder shall be in writing and shall be given by hand delivery to the other party or by registered or certified mail, return receipt requested, postage prepaid, addressed as follows:

> If to the Employee: To the most recent address on file with the Company
>
> If to the Company:
>
> Presidio, Inc.
> One Penn Plaza, Suite 2832
> New York, New York 10119
> Attention: General Counsel

-11-

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

or to such other address as either party shall have furnished to the other in writing in accordance herewith. Notice and communications shall be effective when actually received by the addressee.

(c)     Severability. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement.

(d)     Entire Agreement. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements, written or oral, with respect thereto, except for the "Prior Agreement" referred to in the Recitals above, and in the event of any inconsistencies between the Employment Agreement and the Prior Agreement, the Employment Agreement shall control.

(e)     Waivers and Amendments. This Agreement may be amended, superseded, cancelled, renewed, or extended, and the terms hereof may be waived, only by a written instrument signed by the parties hereto. No delay on the part of any party in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any waiver on the part of any party of any such right, power, or privilege nor any single or partial exercise of any such right, power, or privilege, preclude any other or further exercise thereof or the exercise of any other such right, power, or privilege.

(f)     Tax Withholding. The Company may withhold from any amounts payable under this Agreement such federal, state, local, or foreign taxes as shall be required to be withheld pursuant to any applicable law or regulation.

(g)     Headings. The captions of this Agreement are not part of the provisions hereof and shall have no force or effect.

(h)     Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which taken together shall constitute one and the same instrument.

*[Signature Page Follows]*

-12-

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

IN WITNESS WHEREOF, the Employee has hereunto set the Employee's hand, and the Company has caused these presents to be executed in its name and on its behalf, all as of the day and year first above written.

PRESIDIO, INC.

DocuSigned by:

*Jennifer Jackson*

By: _____
      8AD85586709F43B

Name: Jennifer Jackson

Title:   Chief Human Resources Officer

EMPLOYEE:

DocuSigned by:

Steven Madick

_____
8FFB3FEE8CC9497

Steven Madick

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

## EXHIBIT A
## GENERAL RELEASE OF ALL CLAIMS

This General Release of All Claims (this "Agreement") is entered into by and between Steven Madick ("Employee") and Presidio, Inc., a Delaware corporation (the "Company"), dated as of the date an executed copy of this Agreement has been delivered by Employee to the Company, as set forth in the signature block at the end of this Agreement (the "Effective Date").

In consideration of the promises set forth in the Employment Agreement, dated as of August 23, 2017 (as may have been amended, replaced or supplemented from time to time, the "Employment Agreement"), by and between Employee and the Company as well as any promises set forth in this Agreement, Employee and the Company agree as follows:

1.    General Release and Waiver of Claims

For purposes of this Agreement, the "Released Parties" means, individually and collectively, the Company and each of the Company's direct and indirect parents, subsidiaries, affiliated companies, investor funds, affiliated investor funds, and direct and indirect stockholders, members, or investors, as applicable; and each of such entities' or persons' successors, assigns, current or former employees, officers, directors, owners, shareholders, members, investors, representatives, administrators, fiduciaries, agents, insurers, and employee benefit programs (and the trustees, administrators, fiduciaries and insurers of any such programs), as applicable.

Except as provided in the next paragraph, in consideration of the payments made and to be made, and benefits provided and to be provided, to Employee pursuant to the Employment Agreement, as of the Effective Date, Employee unconditionally and forever releases, discharges, and waives any and all actual and potential claims, liabilities, demands, actions, causes of action, suits, costs, controversies, judgments, decrees, verdicts, attorneys' and consultants' fees, damages, indemnities, and obligations of every kind and nature, in law, equity, or otherwise, known and unknown, suspected and unsuspected, disclosed and undisclosed, arising out of or in any way related to the Employment Agreement and the subject matter thereto, and any other agreements, events, acts, or conduct at any time prior to and including the Effective Date other than the Excluded Obligations (as defined below) (the "Released Claims") against the Released Parties. The Released Claims include any and all matters relating to Employee's employment including, without limitation, claims or demands related to salary, bonuses, commissions, stock, equity awards, or any other ownership interest in the Company or any of its subsidiaries or affiliates, vacation pay, fringe benefits, expense reimbursements, severance pay, or any other form of compensation; claims for discrimination based upon race, color, sex, creed, national origin, age, disability, or any other characteristic protected by federal, state, or local law or any other violation of any Equal Employment Opportunity Law, ordinance, rule, regulation, or order, including, without limitation, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Americans with Disabilities Act; claims under the Employee Retirement Income Security Act of 1974, as amended, the Equal Pay Act, the Fair Labor Standards Act, as amended, the Family and Medical Leave Act of 1993, as amended, or the laws of any country governing discrimination in employment, the payment of wages or benefits, or any other aspect of employment. The Released Claims also include claims for wrongful discharge, fraud, or

A-1

misrepresentation under any statute, rule, or regulation or under the common law and any other claims under the common law.

Notwithstanding the foregoing, Employee does not release, discharge or waive any claims related to (a) rights to payments and benefits provided under the Employment Agreement that are contingent upon the execution by Employee of this Agreement (including any applicable termination payments), (b) rights to any vested benefits or rights under any health and welfare plans or other employee benefit plans or programs sponsored by, or covering employees, of a Released Party (including by way of example and without limitation, the Employee's right to pursue a claim for benefits under any group health plan of a Released Party or covering employees of a Released Party with respect to a claim arising prior to the date of this Agreement), (c) rights to be indemnified and/or advanced expenses under any corporate document of a Released Party, any agreement with any Released Party or pursuant to applicable law, or to be covered under any applicable directors' and officers' liability insurance policies, (d) any claim that cannot be waived under applicable law, including any rights to workers' compensation, and (e) any claim or cause of action to enforce the Employee's rights under this Agreement (collectively, the "Excluded Obligations").

2.    Release and Waiver of Claims Under the Age Discrimination in Employment Act

Employee acknowledges that the Company has advised Employee to consult with an attorney of his or her choosing, and through this Agreement advise Employee to consult with Employee's attorney with respect to possible claims under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and Employee acknowledges that he or she understands that ADEA is a federal statute that prohibits discrimination, on the basis of age, in employment, benefits, and benefit plans. If ADEA applies to Employee, Employee wishes to waive any and all claims under ADEA that he or she may have, as of the Effective Date, against the Released Parties, and hereby waives such claims. Employee further understands that, by signing this Agreement, he or she is in fact waiving, releasing, and forever giving up any claim under ADEA against the Released Parties that may have existed on or prior to the Effective Date.

Employee acknowledges that the Company has informed Employee that he or she has, at his or her option, if ADEA applies to Employee, at least 21 days following the date he or she received a copy of this Agreement in which to sign the waiver of this claim under ADEA, which option Employee may waive by signing this Agreement prior to the end of such 21-day period.

Employee also understands that, if ADEA applies to Employee, Employee has seven days following the date on which Employee signs this Agreement within which to revoke the release contained in this paragraph, by providing to the Company a written notice of his or her revocation of the release and waiver contained in this paragraph. Employee further understands that this right to revoke the release contained in this paragraph relates only to this paragraph and does not act as a revocation of any other term of this Agreement.

3.    Proceedings

Employee has not filed, and agrees not to initiate or cause to be initiated on his or her behalf, any complaint, charge, claim, or proceeding against the Company or any other Released

A-2

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

Party before any local, state, or federal agency, court, or other body relating to his or her employment or the termination of his or her employment, other than with respect to the obligations of the Company to Employee under the Employment Agreement that are intended to survive following termination of employment and the execution of this Agreement or with respect to the Excluded Obligations (each, individually, a "Proceeding"), and agrees not to participate voluntarily in any Proceeding. Employee waives any right Employee may have to benefit in any manner from any relief (whether monetary or otherwise) arising out of any Proceeding.

The foregoing provisions of this Section 3 are not intended to, and shall be interpreted in a manner that does not, limit or restrict Employee from exercising any legally protected whistleblower rights (including pursuant to Rule 21F promulgated under the Securities Exchange Act of 1934, as amended).

## 4. Survival

Employee acknowledges that the covenants set forth in Section 8(b) of the Employment Agreement and any provisions contained in the Employment Agreement that are intended to survive following termination of Employee's employment, and that certain Confidentiality, Invention Assignment and Non-Solicitation Agreement , dated as of June 26, 2017, by and between the Company and Employee, shall, pursuant to their terms, survive Employee's execution of this Agreement.

## 5. Remedies

If Employee initiates or voluntarily participates in any Proceeding, if Employee fails to abide by any of the terms of this Agreement, or if Employee revokes the ADEA release contained in Section 2 of this Agreement within the seven-day period provided under Section 2 (if ADEA applies to Employee), the Company may, in addition to any other remedies it may have, reclaim any amounts paid to Employee under the termination provisions of the Employment Agreement or terminate any benefits or payments that are subsequently due under the Employment Agreement and are payable based on Employee executing this Agreement, without waiving the release granted herein. Employee acknowledges and agrees that the remedy at law available to the Company for breach of any of his or her post-termination obligations under the Employment Agreement or his or her obligations under Sections 1, 2, and 3 of this Agreement would be inadequate and that damages flowing from such a breach may not readily be susceptible to being measured in monetary terms. Accordingly, Employee acknowledges, consents and agrees that, in addition to any other rights or remedies that the Company may have at law, in equity, or under this Agreement, upon adequate proof of his or her violation of any such provision of this Agreement, the Company shall be entitled to immediate injunctive relief and may obtain a temporary order restraining any threatened or further breach, without the necessity of proof of actual or consequential damage or the necessity of posting a bond. This provision shall not adversely affect any rights Employee may have under ADEA.

Employee understand that, by entering into this Agreement, Employee will be limiting the availability of certain remedies that he or she may have against the Released Parties and limiting also his or her ability to pursue certain claims against the Released Parties.

### 6.     Severability Clause

In the event any provision or part of this Agreement is found to be invalid or unenforceable, only that particular provision or part so found, and not the entire Agreement, will be inoperative.

### 7.     Nonadmission

Nothing contained in this Agreement will be deemed or construed as an admission of wrongdoing or liability on the part of Employee, the Company, or any of the Released Parties.

### 8.     Acknowledgement

Employee acknowledges that, before entering into this Agreement, Employee has had sufficient time to consider the terms of this Agreement and to consult with an attorney or other advisor of Employee's choice, and that this provision constitutes advice from the Company to do so if Employee chooses. Employee further acknowledges that Employee has entered into this Agreement of Employee's own free will, and that no promises or representations have been made to Employee by any person to induce Employee to enter into this Agreement other than the express terms set forth herein and in the Employment Agreement. Employee further acknowledges that Employee has read this Agreement and understands all of its terms, including the waiver of rights set forth herein.

### 9.     Governing Law

The validity, interpretation, construction, and performance of this Agreement and disputes or controversies arising with respect to the transactions contemplated herein shall be governed by the laws of the State of Delaware, without reference to principles of conflict of laws.

### 10.     Jurisdiction

Each of the parties agrees that any dispute between the parties shall be resolved only in the courts of the State of Delaware or the United States District Court for the District of Delaware and the appellate courts having jurisdiction of appeals from such courts. In that context, and without limiting the generality of the foregoing, each of the parties hereto irrevocably and unconditionally (a) submits for himself, herself, or itself in any Proceeding relating to this Agreement or Employee's employment by the Company or any affiliate, or for the recognition and enforcement of any Proceeding, to the exclusive jurisdiction of the courts of the State of Delaware, or the United States District Court for the District of Delaware, and the appellate courts having jurisdiction of appeals from any of the foregoing, and agrees that all claims in respect of any such Proceeding shall be heard and determined in such Delaware State court or, to the extent permitted by law, in such federal court; (b) consents that any such Proceeding may and shall be brought in such courts and waives any objection that he, she, or it may now or thereafter have to the venue or jurisdiction of any such Proceeding in any such court or that such Proceeding was brought in an inconvenient court and agrees not to plead or claim the same; (c) agrees that service of process in any such Proceeding may be effected by mailing a copy of such process by registered or certified mail (or any substantially similar form of mail),

A-4

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

postage prepaid, to such party at his, her, or its address as provided in Section 12(b) of the Employment Agreement; and (d) agrees that nothing in this Agreement shall affect the right to effect service of process in any other manner permitted by the laws of the State of Delaware.

EMPLOYEE ACKNOWLEDGES THAT HE OR SHE HAS READ THIS AGREEMENT AND THAT HE OR SHE FULLY KNOWS, UNDERSTANDS, AND APPRECIATES ITS CONTENTS, AND THAT HE OR SHE HEREBY EXECUTES THE SAME AND MAKES THIS AGREEMENT AND THE RELEASE AND AGREEMENTS PROVIDED FOR HEREIN VOLUNTARILY AND OF HIS OR HER OWN FREE WILL.

DocuSign Envelope ID: D547E8BC-4FFF-4CFC-AE5A-A164E77825A7

IN WITNESS WHEREOF, Employee has executed this Release as of the date set forth below.

EMPLOYEE

_____

Name: Steven Madick

Address:

_____

_____

_____

Dated: _____ (the "Effective Date")
(which date shall not be earlier than the date of
termination of employment)

RECEIVED, ACKNOWLEDGED, AND ACCEPTED

this _____ day of _____, 20__

PRESIDIO, INC.

By: _____

Name:

Title:

*[Signature Page to General Release of All Claims]*

# Exhibit B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 7, 2022

Mark Mazda
2601 Main Street, Suite 1200
Irvine, California 92618

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202204-16641807
Right to Sue: Madick / Presidio, Inc.

Dear Mark Mazda:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 7, 2022

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202204-16641807
Right to Sue: Madick / Presidio, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 7, 2022

Steven Madick
2205 Ashland Avenue
Santa Monica, CA 90405

RE:  **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 202204-16641807
     Right to Sue: Madick / Presidio, Inc.

Dear Steven Madick:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 7, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Steven Madick                                                    DFEH No. 202204-16641807

                              Complainant,

vs.

Presidio, Inc.
5000 Hopyard Road, Suite 188
Pleasanton, CA 94588

                              Respondents

_____

**1.** Respondent **Presidio, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Steven Madick**, resides in the City of **Santa Monica**, State of **CA.**

**3.** Complainant alleges that on or about **February 8, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, laid off, forced to quit, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, forced to quit.

**Additional Complaint Details:** I was discriminated based upon my disabilities, my taking of protected leave, and the company refused to accommodate my disabilities, or engage in the interactive process to accommodate my disabilities

-1-
*Complaint – DFEH No. 202204-16641807*

Date Filed: April 7, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1 | VERIFICATION

2 | I, **Steven Madick**, am the **Complainant** in the above-entitled complaint. I have read
3 | the foregoing complaint and know the contents thereof. The same is true of my own
knowledge, except as to those matters which are therein alleged on information and
4 | belief, and as to those matters, I believe it to be true.

5 | On April 7, 2022, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
6 |

7 | **Santa Monica, CA**

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |                                                    -2-
*Complaint – DFEH No. 202204-16641807*

27 |

Date Filed: April 7, 2022
28 |

Form DFEH-ENF 80 RS (Revised 02/22)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/26/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Mohammadi _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22SMCV00592 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Mark A. Young | M | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _04/27/2022_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _M. Mohammadi_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   #### Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
     - o Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - o Free, day- of- trial mediations at the courthouse. No appointment needed.
     - o Free or low-cost mediations before the day of trial.
     - o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                 (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15)<br>LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |
|---|---|---|
| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

(ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| Print | Save |
|---|---|

| Clear |
|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| |
|---|
| |

| LACIV 094 (new)<br>LASC Approved 04/11<br>For Optional Use | **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | |
|---|---|---|

| Print | Save | Clear |