UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-04349-MCS-AS | Date July 27, 2023 |
| Title *Madick v. Presidio, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTION FOR CLARIFICATION, ETC. (ECF NO. 45)**

Plaintiff Steven Madick moves for an order granting him one of four alternative forms of relief: (1) for clarification or reconsideration of the Court's summary judgment order with respect to his breach of contract claim, (2) for leave to amend his breach claim, (3) for leave to dismiss the case without prejudice, or (4) to remand the case for lack of subject-matter jurisdiction. (Mot., ECF No. 45-1.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for August 21, 2023. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The Court denies the motion. As an initial matter, the motion is untimely. The motion hearing deadline in this case was May 15, 2023. (Order Re: Jury Trial § I, ECF No. 15.) Plaintiff set the motion for hearing over three months after that deadline—two weeks after the final pretrial conference, and only one day before trial. The motion offers no good cause or excusable neglect to reopen the motion hearing deadline. Fed. Rs. Civ. P. 6(b)(1), 16(b)(4).

Plaintiff is not entitled to clarification or reconsideration of the summary judgment order. Apart from missing the deadline to hear motions in this case, Plaintiff's motion is untimely under Local Rule 7-18, which requires motions for

reconsideration to be filed within 14 days after entry of the challenged order. Plaintiff filed the motion 24 days after entry of the summary judgment order. (*Compare* MSJ Order, ECF No. 30 (entered June 30, 2023), *with* Mot. (filed July 24, 2023).) There is no good cause or excusable neglect to excuse the untimeliness, Fed. Rs. Civ. P. 6(b)(1), 16(b)(4); although Plaintiff's counsel complains that Defendant's counsel did not agree to a prefiling conference of counsel until after the deadline to move for reconsideration, (Notice of Mot. 5–6, ECF No. 45), he first requested a prefiling conference of counsel *after* his deadline to conduct one, (*see id.* at 5 ("Beginning on July 10, 2023, Plaintiff's counsel had attempted . . . to conduct this conference . . . .")); *see* C.D. Cal. R. 7-3 (requiring a prefiling conference of counsel at least seven days before the filing of a motion). Further, Plaintiff's motion fails to present any of the three narrow grounds for reconsideration enumerated in Local Rule 7-18: Plaintiff offers no change in fact or law since the summary judgment briefing, no emergence of new facts or law after entry of the summary judgment order, and no manifest showing of the Court's failure to consider material facts.

The closest Plaintiff gets to the reconsideration standard is the Court's purported failure to consider the pleadings in its summary judgment order. (*See* Mot. 9 (reproducing several paragraphs of the Complaint).) The Court certainly considered Plaintiff's barebones Complaint in determining that Plaintiff failed to give Defendant fair notice of the theories of the claim he sought to assert for the first time at summary judgment. (MSJ Order 5–6 (citing Compl. ¶ 24, ECF No. 1).)[1] The lack of specificity in the Complaint is no mere technical violation; it implicates the central principles animating the Federal Rules of Civil Procedure. The purpose of notice pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As a result, it would be unjust to allow a plaintiff to proceed to trial on theories of breach that a defendant might be seeing for the first time in opposition to a motion for summary judgment. *See, e.g.*, *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (affirming district court's rejection of unpleaded theories of claim

---

[1] To the extent Plaintiff seeks clarification, the Court does not find clarification is necessary. To reiterate: in his brief opposing Defendant's motion for summary judgment, Plaintiff asserted two theories of breach of contract in which Plaintiff predicated the breach element on Defendant's termination of his employment. Plaintiff did not plead implicitly or explicitly that Defendant breached the employment agreement by firing him. He may not proceed to trial on an unpleaded theory of the claim. (MSJ Order 5–6.)

presented in summary judgment briefing). Plaintiff does not reasonably argue that Defendant somehow could have reverse-engineered the requested quantum of damages to divine the "180-Day Breach" and "Without-Cause Breach" theories he now advances. (Mot. 9–10.)

Plaintiff is not entitled to leave to assert those theories now. The deadline to amend the pleadings lapsed over *half a year ago*. (Order Re: Jury Trial § I.)[2] The Court's summary judgment order, which recognized Plaintiff's unpleaded theories were unpleaded, does not provide good cause or excusable neglect to justify relief from the deadline. *See* Fed. Rs. Civ. P. 6(b)(1), 16(b)(4). Even if it did, the Court would deny relief under Rule 15(a)(2). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The undue delay here is significant, where Plaintiff elected to stand on his pleading for over a year before the Court apparently alerted him to its deficiencies with respect to the breach claim. And allowing the amendment would engender significant prejudice to Defendant, who would be made to submit to a trial on new permutations of the claim without full exploration of those theories in discovery and motion practice.

The Court denies Plaintiff leave to dismiss the case without prejudice. Unless dismissal without a court order is permitted, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a request should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). However, a district court has discretion to dismiss an action with prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002); *see also Microhits, Inc. v. Deep Dish Prods.*, 510 F. App'x 611, 612 (9th Cir. 2013) (characterizing dismissal with prejudice as a term the court may consider proper). Dismissal with prejudice is appropriate "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Williams v. Peralta Cmty. Coll.*

---

[2] The Court clarifies a regretful typographical error in the order: the deadline to amend the pleadings was December 19, 2022, not December 19, 2023, as stated. The Court trusts that the parties understood the deadline to lapse eight months before trial and not four months after.

*Dist.*, 227 F.R.D. 538, 539–40 (N.D. Cal. 2005) (internal quotation marks omitted). "When determining whether to dismiss with or without prejudice, some courts consider (1) whether the defendants have expended efforts or made preparations that would be undermined by granting withdrawal, (2) the plaintiff's delay in prosecuting the action, (3) the adequacy of the plaintiff's explanation for why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made." *In re First Am. Fin. Corp. Cases*, Nos. SACV 19-1105 DSF(Ex), SACV 19-1180 DSF(Ex), 2020 U.S. Dist. LEXIS 227688, at *3–4 (C.D. Cal. Dec. 3, 2020) (internal quotation marks omitted). On balance, these factors favor exercise of the Court's discretion to allow voluntary dismissal only upon the condition that the dismissal be with prejudice. Since "the court is not inclined to dismiss the case without prejudice," the Court deems the motion withdrawn pursuant to its own terms. (Mot. 15.)[3]

The Court lacks authority to remand the case because it retains diversity jurisdiction. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (acknowledging "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). Even though the value of the remaining claim purportedly falls below the jurisdictional threshold, over $75,000 was in controversy at the time Defendant removed this case from state court with all claims intact. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[W]hen the amount in controversy is satisfied at removal, any subsequent . . . partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction.").

**IT IS SO ORDERED.**

---

[3] Notwithstanding, the Court gives Plaintiff limited relief from the scheduling order by authorizing Plaintiff to file an ex parte application to dismiss the case under Rule 41(a)(2) on the condition of dismissal with prejudice on or before August 7, 2023. No other out-of-time applications or motions are authorized.